# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| NIKKO CERRONE, | \* | |
| | \* | No. 17-1158V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | |
| | \* | Filed: February 25, 2020 |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | Attorneys' fees and costs; interim |
| | \* | award |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Gary Krochmal</u>, Law Office of Gary A. Krochmal, PLLC, Farmington Hills, MI, for petitioner;
<u>Lisa Watts</u>, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS**[1]

Nikko Cerrone alleges the human papillomavirus vaccine and/or the hepatitis A vaccine caused him to develop ulcerative colitis. He seeks compensation pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012). Mr. Cerrone is represented by Mr. Gary Krochmal. To support his claim, Mr. Cerrone has presented two reports from David Rosenstreich, an immunologist, and one report from John Santoro, a gastroenterologist.

Mr. Cerrone filed an amended motion for an award of attorneys' fees and costs on an interim basis on February 6, 2020. **For the reasons that follow, petitioner is awarded $26,683.06.**

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

\*    \*    \*

The requested fees include work performed and costs incurred as of December 1, 2019. Petitioner seeks a total of $67,326.43 comprised of $30,137.85 in attorneys' fees and $37,188.58 in attorneys' costs. Mr. Cerrone has not incurred any costs personally. Exhibits 64, 67.

The Secretary filed his response to petitioner's motion on February 11, 2020. The Secretary did not provide any objection to petitioner's request. Id. Instead, he deferred to the special master to determine whether petitioner established the statutory requirements for an award of attorneys' fees, whether an award on an interim basis is appropriate, and the reasonable amount of attorneys' fees and costs.

Petitioner did not file a reply. This matter is now ripe for adjudication.

\*    \*    \*

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question.[2] First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, petitioner should be awarded her attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

1. **Eligibility for an Award of Attorneys' Fees and Costs**

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera, 515 F.3d at 1352. Since petitioner has not received compensation from the Program, he may be awarded "compensation to cover [his] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements

---

[2] Petitioner's motion does not present any argument regarding the eligibility for attorneys' fees or the appropriateness of an award on an interim basis. In the future, a short statement would be appropriate.

that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, respondent did not interpose any objection. In addition, petitioner has presented reports from Dr. Rosenstreich and Dr. Santoro. Thus, the undersigned finds that petitioner satisfies the reasonable basis standard.

### 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right. Avera, 515 F.3d at 1352 (Fed. Cir. 2008). Instead, petitioners must demonstrate "undue hardship." Id. The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding." In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months. Petitioner clears both hurdles.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

#### A. Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See Blum, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895, n.11. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cnty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioner seeks compensation for Mr. Krochmal's work at a rate of $395 per hour for work performed in 2017; $410 per hour for work performed in 2018; and

---

[3] The 2015–2016, 2017, 2018, and 2019 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

4

$425 for work performed in 2019. For paralegal work, petitioner seeks compensation at a rate of $135 per hour for all years. These rates are reasonable. See Miskell v. Sec'y of Health & Human Servs., No. 18-526V, 2019 WL 5568822 (Fed. Cl. Spec. Mstr. Aug. 2, 2019).

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521. The Secretary did not challenge any of the requested hours as unreasonable.

Mr. Krochmal's time entries provide enough detail to assess reasonableness. Generally, Mr. Krochmal appropriately did not request compensation for administrative tasks, which are not compensable. Thus, the undersigned finds Mr. Krochmal's number of hours expended to be reasonable.

However, the paralegal performed multiple tasks such as transcribing, scanning, filing, and mailing, that are administrative / clerical.[4] These activities should not be charged at all. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Human Servs., 38 Fed. Cl. 403, 407-08 (1997); Dempsey v. Sec'y of Health & Human Servs., No. 04-394V, 2017 WL 6343870, at *6 (Fed. Cl. Spec. Mstr. Nov. 16, 2017) (finding transcribing to be administrative and non-compensable). The undersigned finds that a reasonable reduction amounts to $4,890.38.

Accordingly, taking this fees reduction into account, petitioner is awarded attorneys' fees in the amount of $25,247.48.

### C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34

---

[4] As one example of how the paralegal's work unreasonably increased the proposed fees, on June 21, 2018, Mr. Krochmal spent 0.4 hours to prepare a relatively routine motion for extension of time. The motion, in substance, is four sentences, totaling fewer than 100 words. The paralegal then added an additional 0.60 hours to transcribe this motion. For this motion, one hour of legal professional time is excessive.

(1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). For non-expert costs, petitioner's request falls into two categories. For the cost of acquiring medical records, and paying the court filing fee, petitioner requests $1,145.58. Exhibit 65. These items are adequately document and costs will be awarded in full.

Petitioner also requests $750.00 for an apparently catchall category of items described as "postage, photocopy, mileage, telephone, fax, Fed Ex, etc." Exhibit 62. Petitioner has not submitted any documents for these items. When there is no evidence supporting the request for a cost, special masters cannot evaluate the reasonableness of the request. See Riggins v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *15 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for rev. den'd (slip op. Dec. 10, 2009), aff'd, 406 F. App'x 479 (Fed. Cir. 2011); Long v. Sec'y of Health & Human Servs., No. 91-326V, 1995 WL 774600, at *8 (Fed. Cl. Spec. Mstr. Dec. 21, 1995) ("[the court] simply cannot compensate petitioner for undocumented, unexplained charges"). Thus, they are denied.

The bulk of the costs, totaling $35,290.00, concerns the work related to experts. Reasonable expert fees are determined using the lodestar method, in which a reasonable hourly rate is multiplied by a reasonable number of hours. Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 779 (2013). To determine the reasonableness of this rate, of a proposed rate, special masters may consider the "area of expertise; the education and training required to provide necessary insight; the prevailing rates for other comparably respected available experts; the nature, quality, and complexity of the information provided; [and] the cost of living in the expert's geographic area." Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 206 (2009). Furthermore, "[p]etitioner has the burden of providing the foregoing information concerning expert fees." Id.

Here, petitioner has not offered any evidence to justify the proposed hourly rate for Dr. Rosenstreich or Dr. Santoro. Moreover, the undersigned has not heard Dr. Rosenstreich or Dr. Santoro testify. Because the quality of the expert's work is a factor that should be considered when determining the appropriate rate, it is advantageous to have heard the expert witness's testimony before making this determination when possible. See Schultz v. Sec'y of Health & Human Servs., No. 16-539V, 2019 WL 5098963, at *4-5 (Fed. Cl. Spec. Mstr. Aug. 28, 2019) (denying mot. for reconsideration on this point); Jones v. Sec'y of Health & Human Servs., No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019); Nifakos v. Sec'y of Health & Human Servs., No. 14-236V, 2018 WL 7286553, at *5 (Fed. Cl. Spec. Mstr. Dec. 12, 2018) (deferring award when expert's invoice is not detailed); Al-Uffi v. Sec'y of Health & Human Servs., No.

13-956V, 2015 WL 6181669, at *14 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) (noting that interim expert costs are more commonly awarded after a hearing). Thus, the costs associated with Dr. Rosenstreich and Dr. Santoro are deferred.[5] On the other hand, petitioner has documented the cost for a referral to obtain an expert. This amount ($290.00) is awarded.

In sum, as part of an interim fee award, petitioner is awarded $1,435.58 for costs.

*    *    *

Accordingly, petitioner is awarded:

**A lump sum of $26,683.06 in the form of a check made payable to petitioner and petitioner's attorney, Gary A. Krochmal.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[5] When petitioner submits another application for attorneys' fees and costs, petitioner should submit an itemized statement from Dr. Santoro. A retainer does not evidence the work Dr. Santoro performed. See Guidelines for Practice Under the National Vaccine Injury Compensation Program, Section X. Chapter 3. ¶ A ("With regard to attorneys' fees and experts' fees, the particular tasks for which fees are claim, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records"); see also Dahl v. Sec'y of Health & Human Servs., No. 13-98V, 2018 WL 6818741, at *8 (Fed. Cl. Spec. Mstr. Nov. 30, 2018).