# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1158V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| NIKKO CERRONE, | * | |
| | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Dated:  July 20, 2022 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Gary Alan Krochmal*, Law Offices of Gary A. Krochmal, PLLC, Farmington Hills, MI, for Petitioner.

*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 28, 2017, Nikko Cerrone filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] ECF No. 1. Petitioner alleges that the human papillomavirus, Flumist, and Hepatitis A vaccines he received on October 7, 2015, caused him to incur ulcerative colitis. The matter went to trial on May 24-25, 2022, and is still pending and undecided.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated July 12, 2022 (ECF No. 126). It is his second fees request in this case. Decision, dated Feb. 25, 2020 (ECF No. 79). Petitioner requests a total of $211,630.39 ($150,336.05 in attorney's fees and $61,294.34 in costs) for the work of his attorneys, Gary A. Krochmal, at the Law Office of Gary A. Krochmal, PLLC, and Amber Wilson, at Wilson Science Law, LLC, from February 25, 2020 to the present. ECF No. 126 at 1–2.

Respondent reacted to the fees request on July 15, 2022. *See* Response, July 15, 2022 (ECF No. 127). Respondent defers the calculation of the amount to be awarded to my discretion. *Id.* at 4–5. Petitioner filed a Reply on July 19, 2022, expressing the view that his application for fees was reasonable. *See* Reply, July 19, 2022 (ECF No. 128).

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$207,722.39.**

## ANALYSIS

**I.    Petitioner's Claim has Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or denied entirely. Cases that are unresolved and/or pending must be evaluated for reasonable basis, because the claim's success remains undetermined.

Reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

I have no trouble herein determining that the claim possesses reasonable basis, since the evidence offered at trial clearly established core objective evidence relevant to the analysis (i.e., fact of vaccination and medical record proof of injury). While the ultimate resolution of causation remains to be determined, Petitioner has put forward more than enough objective support for the claim for a favorable reasonable basis determination. And there are no other grounds for denying a fees award at this time, with the case having been litigated for nearly five years and having gone to trial, as well. For those reasons, I will permit an interim award herein. I admonish Petitioner, however, that I will allow *no* fees to be awarded for any additional work on this matter until the case is fully concluded, and therefore no more interim requests shall be made.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | **2020** | **2021** | **2022** |
|---|---|---|---|
| **Gary A. Krochmal (Attorney)** | $470.00 | $495.00 | $510.00 |
| **Amber Wilson (Attorney)** | $345.00 | $378.00 | $427.00 |
| **Paralegal at the Law Offices of Gary A. Krochmal, PLLC** | $160.00 | $160.00 | $160.00 |

ECF No. 126 at 6–9, 12–23.

Mr. Krochmal and his paralegal practice in Farmington Hills, Michigan—a jurisdiction that has been deemed "in forum." Accordingly, they are entitled to the rates established in *McCulloch*. *See Miskell v. Sec'y of Health & Human Servs.*, No. 18-526V, 2019 WL 5568822, at *2 (Fed. Cl. Spec. Mstr. Aug. 2, 2019). The amount of work billed to the matter by Mr. Krochmal was reasonably incurred.

Nevertheless, some hourly rate adjustments are required. In previous cases, Mr. Krochmal was deemed entitled to $435.00 per hour of work performed in 2020. *Kraemer v. Sec'y of Health & Hum. Servs.*, No. 18-1631V, 2020 WL 5498754, at *1 (Fed. Cl. Spec. Mstr. Aug. 4, 2020). But in the instant case, the billing records reflect that Mr. Krochmal billed 20.9 hours in 2020 at a higher rate—$470.00 per hour. I will therefore reduce the final award of fees by $731.50 to reflect

4

the reduction to the $435.00 rate awarded in *Kraemer*.[5] Additionally, I do not find either of the increased rates for 2021 and 2022 to be appropriate. Mr. Krochmal's rate has increased steadily since 2016 by $10-15 per year. As his rate for 2020 is $435.00 per hour, a $60 increase in the following year is inconsistent with what he has previously received. Instead, Mr. Krochmal's rate of compensation shall be set at $445 for 2021, and $455 for 2022, respectivelly. Thus, his total reduction in recoverable fees (inclusive of his prior reduction in 2020) is $3,919.00.[6]

Ms. Wilson practices in Washington, DC - a jurisdiction that has been deemed "in forum." Accordingly, she is entitled to the rates established in *McCulloch*. *See Stuart v. Sec'y of Health & Hum. Servs.*, No. 16-940V, 2022 WL 176145, at *4 (Fed. Cl. Spec. Mstr. Jan. 5, 2022). Her requested rates are also consistent with what has previously been awarded, and in accordance with the Office of Special Masters' fee schedule.[7] *See Blender v. Sec'y of Health & Hum. Servs.*, No. 16-1308V, 2021 U.S. Claims LEXIS 2716, 2021 WL 5854040 (Fed. Cl. Spec. Mstr. Nov. 22, 2021). I thus find no cause to reduce the rates in this instance. And I deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

## III.     Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $61,294.34 in outstanding costs, including medical literature and medical record retrieval costs, plus costs associated with the work of two experts, David Rosentreich, M.D.,

---

[5] 20.9 hours at an hourly rate of $470.00 is $9,823.00. 20.9 hours at an hourly rate of $435.00 is $9,091.50. Thus, the difference is $731.50.

[6] For 2021, Mr. Krochmal worked 25.8 hours. At an hourly rate of $495.00, this equates to $12,771.00. At an hourly rate of $445.00, this equates to $11,481.00. Thus, the difference for 2021 is $1,290.00. For 2022, Mr. Krochmal worked 34.5 hours. At an hourly rate of $510.00, this equates to $17,595.00. At an hourly rate of $455.00, this equates to $15,697.50. Thus, the difference for 2022 is $1,897.50. Combined, the adjusted rate for 2020 ($731.50), 2021 ($1,290.00), and 2022 ($1,897.50) leaves a difference of $3,919.00.

[7] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

and John Santoro, M.D. ECF No. 126 at 40–46. Dr. Rosenstreich testified at the hearing and authored two expert reports and an affidavit, billing $51,250.00 in total at a rate of $500 per hour for 102.5 hours of work. ECF No. 126 at 40–44. The total amount incurred for his services was wholly reasonable for the work performed, and I do not find any reason to make any reductions.

Dr. Santoro (who is now deceased) authored one expert report and an affidavit. He only billed a retainer fee of $4,000.00 and there is no discussion of his hourly rate or the number of hours he worked on this matter. ECF No. 126 at 45–46. Although I deem the retainer sum to reflect a reasonable amount to bill for expert services resulting in the preparation of a single written report, counsel in future cases should provide an hourly break-down of work performed plus a proposed hourly rate. All other requested costs in this matter appear reasonable, and they shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for and Interim Award of Attorney's Fees and Costs, awarding **$207,722.39,** reflecting $146,417.05 in attorney's fees and $61,294.34 in costs, in the form of a check made jointly payable to Petitioner and his attorney Mr. Gary Krochmal.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[8]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.