# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**No. 17-1158V**

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
NIKKO CERRONE,                      *        Chief Special Master Corcoran
                                    *
              Petitioner,           *        Filed:  February 3, 2026
                                    *
       v.                           *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Gary A. Krochmal*, Law Offices of Gary A. Krochmal, PLLC, Farmington Hills, MI, for Petitioner.

*Mallori B. Openchowski*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS[1]

On August 28, 2017, Nikko Cerrone filed this petition seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] Petitioner alleged that the human papillomavirus ("HPV"), influenza ("flu"), and Hepatitis A ("Hep. A") vaccines he received on October 7, 2015, caused him to incur ulcerative colitis ("UC"). After trial, a decision denying entitlement was entered on May 8, 2022. *See* Decision, dated May 8, 2022 (ECF No. 136) ("Decision"). Petitioner moved for review of the decision (ECF No. 138), but the motion was denied. Judge Vaccine Order/Opinion, dated Nov. 6, 2023 (ECF No. 141). His subsequent appeal

---

[1] The parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

to the Federal Circuit was also unsuccessful. Decision of the Court of Appeals for the Federal Circuit, dated July 29, 2025 (ECF No. 146).

Petitioner previously requested *two* interim awards of attorney's fees and costs in February 2020 and July 2022, both of which I granted in part. Decision I—Interim Attorney's Fees and Costs, dated February 25, 2020 (ECF No. 79); Decision II—Interim Attorney's Fees and Costs, dated July 20, 2022 (ECF No. 129). Petitioner has now filed a final motion for attorney's fees and costs. Motion for Attorneys' Fees and Costs, dated Sep. 16, 2025, (ECF No. 148) ("Mot."). Petitioner requests a total of $166,101.57 (comprised of $155,646.42 in fees and $10,455.15 in costs) for the work performed on the matter. *Id.* at 1. This sum includes the amounts accrued in fees and costs since I issued my second Interim Attorney's Fees and Costs Decision in July 2022, and hence post-trial.

Respondent has reacted to Petitioner's fee request. *See* Response, dated Sep. 30, 2025, (ECF No. 150). Respondent defers to my discretion as to whether Petitioner has met the legal and statutory requirements for an fees and costs award, as well as the calculation of the amount to be awarded. *See id*. at 3.

For the reasons set forth below, I hereby grant Petitioner's motion in part, awarding fees and costs in the total amount of **$163,360.07**.

## ANALYSIS

## I.     Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may

bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and, thus, inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

Here, I find that the present claim possessed reasonable basis despite the outcome. Petitioner received several covered vaccines, and the record establishes that he presented to medical professionals after with symptoms of ulcerative colitis after. Petitioner also offered a colorable causation theory, the validity of which was reasonably subject to debate. There was an objective grounds for assertion of this claim.

I do express some qualms about the magnitude of this final fees request - a large sum to have incurred post-trial. There can often be a quality of "refusing to take no for an answer" in some Program cases, where counsel will pursue every appeal opportunity no matter the likelihood of success, more from a desire to re-litigate the outcome to a different judge than because they have some specific, potentially outcome-changing legal point to make. The ultimate result (as here) only benefits the lawyer (since the Program's generous fee provisions mean attorneys get paid for even the weakest of appellate positions). In future matters, present counsel must take into account the overall strength of an appellate challenge before blindly pursuing appeal – for in contexts where it does not reasonably appear that an appeal will likely result in a different outcome, I will not hesitate to reduce fees regardless of reasonable basis. But I have no other reasons to deny a fees award under present circumstances.

## II.   Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S., 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), except where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "Davis" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner's Motion requests the following rates for his various attorneys, based on the years work was performed:

| Gary A. Krochmal, PLLC | | | | |
|---|---|---|---|---|
| | **2022** | **2023** | **2024** | **2025** |
| **Gary Krochmal (Attorney)** | $480 | $524 | $553 | $594 |
| **Paralegals** | N/A | $173 | $183 | $197 |

| Wilson Science Law, LLC | | | | |
|---|---|---|---|---|
| | **2022** | **2023** | **2024** | **2025** |
| **Amber Wilson (Attorney)** | $427 | $454 | $479 | $505 |

Mot. at 2–3; Ex. 94 (ECF No. 148-2).

Mr. Krochmal practices in Farmington, MI,—a jurisdiction that has been deemed "in forum." Ms. Wilson practices in Washington, DC which has also been deemed "in forum." Accordingly, both are entitled to forum rates as established in *McCulloch*. *See Stuart v. Sec'y of*

4

*Health & Hum. Servs.*, No. 16-940V, 2022 WL 176145 (Fed. Cl. Spec. Mstr. Jan. 5, 2022); *Kraemer v. Sec'y of Health & Hum. Servs*., No. 18-1631V, 2020 WL 4598754 (Fed. Cl. Spec. Mstr. Aug. 4, 2020).

I nevertheless find that a reduction in hourly rates for Mr. Krochmal is appropriate based on prior decisions and the OSM Fee Schedule.[3] Mr. Krochmal has been awarded a lesser hourly rate of $505 for work performed in 2023. *See,* e.g., *Exum v. Sec'y of Health & Hum. Servs*., No. 21-1513V, 2024 WL 2757037, at *3 (Fed. Cl. Spec. Mstr. May 2, 2024); *Finn v. Sec'y of Health & Hum. Servs*., No. 20-1897V, 2023 WL 6465152, at *2 (Fed. Cl. Spec. Mstr. Aug. 29, 2023). Similarly, Mr. Krochmal previously billed, and was awarded, $553 per hour of work performed in 2025. *See Ennis ex rel. B.E. v. Sec'y of Health & Hum. Servs.,* No. 16-1148V, 2025 WL 2239245, at *3 (Fed. Cl. Spec. Mstr. July 15, 2025). It appears that he billed some of his 2025 time at this lower rate as well. Ex. 93 (ECF No. 148-1) at 4. It is well established that the Program does not allow mid-year hourly rate raises. *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051, at *2 (Fed. Cl. Spec. Mstr. Jan. 25, 2023).

In keeping with prior decisions and OSM standard practice, I shall reduce Mr. Krochmal's 2023 rate to $505 per hour, and his 2025 rate to $553 per hour. This results in a total reduction of **$2,741.50**.[4]

The rates requested for Ms. Wilson are consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule. *Delaney v. Sec'y of Health & Hum. Servs.,* No. 21-1620V, 2025 WL 900756, at *3 (Fed. Cl. Feb. 18, 2025); *Munoz v. Sec'y of Health & Hum. Servs.*, No. 21-1369V, 2024 WL 2730966, at *3 (Fed. Cl. Spec. Mstr. May 1, 2024). I thus find no cause to reduce them in this instance.

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Hum. Servs*., 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Hum. Servs*., 24 Cl. Ct. 482, 486 (1991), *aff'd* in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests[,] .... [v]accine

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules. https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited Jan. 19, 2016).

[4] Calculated by: (($524 – $505) x 14.6 hours worked in 2023) + (($594 – $553) x 60.1 hours worked in 2025) = $2,741.50.

program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

The time spent on this matter was not insignificant. Mr. Krochmal and his paralegal spent over 100 hours on this case, and Ms. Wilson (who only began assisting with the matter in July 2022) spent over 200 hours getting this matter to its conclusion. ECF No. 128-2 at 7. While the total sum billed to the matter ultimately is not congruent with the strength of the claim or complex nature of issues presented, I will not reduce the sum to be awarded based on total hours (although counsel are admonished to take more billing care in future matters).

### III.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $10,455.15 in in outstanding costs, including filing fees, costs associated with travel, and appellate material preparation costs. Mot. at 3; ECF No. 148-4 at 1–12.  All are commonly incurred in the Vaccine Program and are reasonable herein. Since I find no reason for reduction, I shall grant the requested costs in full.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion**s** for an Interim Award of Attorney's Fees and Costs. **Petitioner is awarded attorneys' fees and costs in the amount total amount of $163,360.07. The award shall be divided, with $61,719.17 (reflecting $51,264.02 in fees, and $10,455.15 in costs), to be paid through an ACH deposit to Petitioner's counsel's (Mr. Gary Krochmal) IOLTA account, and $101,640.90 (reflecting $101,640.90 in fees, and $0 in costs), to be paid through an ACH deposit to Petitioner's other counsel's (Ms. Amber Wilson) IOLTA account, for prompt disbursement.** In the absence of a motion for

review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.